UNSEALED PER ORDER OF COURT

~~SEALED~~

FILED
19 MAY 17 PM 12:53
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: _a/_ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

April 2018 Grand Jury

| UNITED STATES OF AMERICA, | Case No. **19 CR 1787 BAS** |
|---|---|
| Plaintiff, | I N D I C T M E N T |
| v. | Title 21, U.S.C., Secs. 841(a)(1) and 846 - Conspiracy to Distribute Methamphetamine; Title 18, U.S.C., Secs. 1956(h), 1956(a)(1)(A)(i) and (a)(1)(B)(i) - Conspiracy to Launder Money; Title 21, U.S.C., Sec. 841(a)(1) - Distribution of Methamphetamine; Title 21, U.S.C., Sec. 841(a)(1) - Possession of Methamphetamine with Intent to Distribute; Title 18, U.S.C., Sec. 2 - Aiding and Abetting; Title 21, U.S.C., Sec. 853, Title 18, U.S.C., Sec. 982(a)(1) - Criminal Forfeiture |
| RAMON ANTHONY HERNANDEZ (1), TOMAS TETERS (2), NATALYA SOHELI (3), aka "Steven Lenarr Brown II," GIORGIO JABSI (4), WILLIAM WHITENACK (5), DERRICK DAVIDSON (6), CHASE MICHAEL BERKMAN (7), JOSE RODRIGUEZ (8), HEATH SEAN SILVERCLOUD (9), KEITH ACKER (10), CHRISTIAN DEL CASTILLO (11), JESSICA PERKINS (12), CHRISTOPHER HALTON (13), NICHOLAS RAMIREZ (14), JOSE LUIS MAGDALENO (15), CORINNA VASQUEZ (16), RANDALL BIALEK (17), JEREMY SHANE MARBLE (18), DANIEL GODOY (19), PAUL MATTHEW CALZETTA (20), DESTIN BANKS (21), BILLIE JO REYNOLDS (22), SEAN O'BRIEN (23), MARK SEYMOUR (24), CHRISTOPHER GROVES (25), CATARINO MALDONADO (26), JAVIER RIVERA (27), CARLOS VELASCO (28), CHRISTIAN RAGGIO (29), | |

MJS/RAS:cms(nlv)(1):San Diego:5/16/19

```
CODY PARKER (30),
IVAN TORRES (31),
ARTURO JULIAN GALVIN (32),
JOHN MARK TOMSICK (33),
MARESHA MORROW (34),
RENE REYNOSO (35),
KATHLEEN SOCIN (36),
KORY STROHAUER (37),
CHRISTOPHER STROUD (38),
DANIEL HENSLEY (39),
UBALDO PEREZ (40),
PETER MOHRMANN (41),
ROBERT MONTELL (42),

          Defendants.
```

The grand jury charges:

## Count 1

Beginning on a date unknown to the grand jury and continuing up to and including the date of this Indictment, within the Southern District of California and elsewhere, defendants RAMON ANTHONY HERNANDEZ, TOMAS TETERS, NATALYA SOHELI, aka "Steven Lenarr Brown II," GIORGIO JABSI, WILLIAM WHITENACK, DERRICK DAVIDSON, CHASE MICHAEL BERKMAN, JOSE RODRIGUEZ, HEATH SEAN SILVERCLOUD, CHRISTIAN DEL CASTILLO, JESSICA PERKINS, CHRISTOPHER HALTON, NICHOLAS RAMIREZ, JOSE LUIS MAGDALENO, CORINNA VASQUEZ, RANDALL BIALEK, JEREMY SHANE MARBLE, DANIEL GODOY, PAUL MATTHEW CALZETTA, DESTIN BANKS, BILLIE JO REYNOLDS, SEAN O'BRIEN, MARK SEYMOUR, CHRISTOPHER GROVES, CATARINO MALDONADO, JAVIER RIVERA, CARLOS VELASCO, CODY PARKER, IVAN TORRES, ARTURO JULIAN GALVIN, JOHN MARK TOMSICK, MARESHA MORROW, RENE REYNOSO, KATHLEEN SOCIN, KORY STROHAUER, CHRISTOPHER STROUD, DANIEL HENSLEY, UBALDO PEREZ, PETER MOHRMANN, and ROBERT MONTELL, did knowingly and intentionally conspire together and with each other and with other persons known and unknown to the grand jury, to distribute 50 grams and more of methamphetamine (actual), a Schedule II Controlled Substance; in violation of Title 21, United States Code, Sections 841(a)(1) and 846.

Count 2

Beginning on a date unknown to the grand jury and continuing to the date of this Indictment, within the Southern District of California and elsewhere, defendants RAMON ANTHONY HERNANDEZ, TOMAS TETERS, NATALYA SOHELI, aka "Steven Lenarr Brown II," GIORGIO JABSI, WILLIAM WHITENACK, DERRICK DAVIDSON, CHASE MICHAEL BERKMAN, JOSE RODRIGUEZ, HEATH SEAN SILVERCLOUD, JESSICA PERKINS, CORINNA VASQUEZ, JEREMY SHANE MARBLE, PAUL MATTHEW CALZETTA, BILLIE JO REYNOLDS, SEAN O'BRIEN, MARK SEYMOUR, CHRISTOPHER GROVES, RENE REYNOSO, KORY STROHAUER, CHRISTOPHER STROUD, DANIEL HENSLEY, and UBALDO PEREZ, did knowingly and intentionally conspire together and with each other and, with other persons known and unknown to the grand jury, to conduct and attempt to conduct financial transactions affecting interstate commerce, which transactions involved the proceeds of specified unlawful activity, that is, the felonious distribution of controlled substances punishable under Title 21, United States Code, Chapter 13,

a. with the intent to promote the carrying on of such specified unlawful activity in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i); and

b. knowing that the transaction was designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of said specified unlawful activity, and while conducting and attempting to conduct such financial transactions knew the property involved in the financial transaction represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

All in violation of Title 18, United States Code, Section 1956(h).

Count 3

On or about July 31, 2018, within the Southern District of California, defendants GIORGIO JABSI and KEITH ACKER, did knowingly and intentionally distribute, 50 grams and more, to wit: approximately 54.23 grams of methamphetamine (actual), a Schedule II Controlled Substance; in violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

Count 4

On or about February 1, 2019, within the Southern District of California, defendants RAMON ANTHONY HERNANDEZ, TOMAS TETERS, CARLOS VELASCO, and CHRISTIAN RAGGIO, did knowingly and intentionally possess with intent to distribute, approximately 2,645 grams of methamphetamine (actual), a Schedule II Controlled Substance; in violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

FORFEITURE ALLEGATION

1. The allegations contained in Counts 1 through 4 are realleged and by their reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America pursuant to the provisions of Title 21, United States Code, Section 853, and Title 18, United States Code, Section 982(a)(1).

2. Upon conviction of one or more of the felony offenses alleged in Counts 1, 3 and 4 of this Indictment, said violations being punishable by imprisonment for more than one year and pursuant to Title 21, United States Code, Sections 853(a)(1) and 853(a)(2), defendants RAMON ANTHONY HERNANDEZ, TOMAS TETERS, NATALYA SOHELI, aka "Steven Lenarr Brown II," GIORGIO JABSI, WILLIAM WHITENACK, DERRICK DAVIDSON, CHASE MICHAEL BERKMAN, JOSE RODRIGUEZ, HEATH SEAN SILVERCLOUD, KEITH ACKER, CHRISTIAN

4

DEL CASTILLO, JESSICA PERKINS, CHRISTOPHER HALTON, NICHOLAS RAMIREZ, JOSE LUIS MAGDALENO, CORINNA VASQUEZ, RANDALL BIALEK, JEREMY SHANE MARBLE, DANIEL GODOY, PAUL MATTHEW CALZETTA, DESTIN BANKS, BILLIE JO REYNOLDS, SEAN O'BRIEN, MARK SEYMOUR, CHRISTOPHER GROVES, CATARINO MALDONADO, JAVIER RIVERA, CARLOS VELASCO, CHRISTIAN RAGGIO, CODY PARKER, IVAN TORRES, ARTURO JULIAN GALVIN, JOHN MARK TOMSICK, MARESHA MORROW, RENE REYNOSO, KATHLEEN SOCIN, KORY STROHAUER, CHRISTOPHER STROUD, DANIEL HENSLEY, UBALDO PEREZ, PETER MOHRMANN, and ROBERT MONTELL, shall forfeit to the United States all their rights, title and interest in any and all property constituting, or derived from, any proceeds the defendants obtained, directly or indirectly, as the result of the offenses, and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the violations alleged in Counts 1, 3 and 4 of this Indictment.

    3.   Upon conviction of the offense alleged in Count 2 of this Indictment, and pursuant to Title 18, United States Code, Section 982(a)(1), defendants RAMON ANTHONY HERNANDEZ, TOMAS TETERS, NATALYA SOHELI, aka "Steven Lenarr Brown II," GIORGIO JABSI, WILLIAM WHITENACK, DERRICK DAVIDSON, CHASE MICHAEL BERKMAN, JOSE RODRIGUEZ, HEATH SEAN SILVERCLOUD, JESSICA PERKINS, CORINNA VASQUEZ, JEREMY SHANE MARBLE, PAUL MATTHEW CALZETTA, BILLIE JO REYNOLDS, SEAN O'BRIEN, MARK SEYMOUR, CHRISTOPHER GROVES, RENE REYNOSO, KORY STROHAUER, CHRISTOPHER STROUD, DANIEL HENSLEY, and UBALDO PEREZ, shall forfeit to the United States, all property, real and personal, involved in such offense, and all property traceable to such property.

    4.   If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

//

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the Court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be subdivided without difficulty; it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) and Title 18, United States Code, Section 982(b), to seek forfeiture of any other property of the defendants up to the value of the property listed above as being subject to forfeiture.

All pursuant to Title 21, United States Code, Section 853, and Title 18, United States Code, Section 982(a)(1).

DATED: May 17, 2019.

A TRUE BILL:

*/s/ DR*
Foreperson

ROBERT S. BREWER, JR.,
United States Attorney

By: */s/*
MATTHEW J. SUTTON
Assistant U.S. Attorney

By: */s/*
RYAN A. SAUSEDO
Assistant U.S. Attorney